MARVIN BAKER, DANNY PAYTON, CHARLES COOLEY AND
MORGAN COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION
*v.* CARL W. HAWKINS, J. B. WHITAKER AND HOWARD F.
BALDWIN, AS MEMBERS OF THE TOWN BOARD OF TRUSTEES OF
PARAGON, INDIANA, AND PUBLIC SERVICE CO. OF INDIANA.

[No. 973S172. Filed September 7, 1973.]

*Richard D. Bray,* of Martinsville, *Parr, Richey, Obremskey, Pedersen & Morton,* of Lebanon, for appellants.

*Ralph M. Foley, John E. Hurt,* both of Martinsville, *Frank T. Lewis,* of Plainfield, for appellees.

HUNTER, J.—This cause arises in this Court upon petition to transfer, and one issue is presented for our determination: Whether the sale of the electrical utilities of an incorporated

town may be conducted through colorable compliance with mandatory statutes. We hold that it shall not be so conducted.

The plaintiffs, newly elected members of the Town Board of Paragon, instituted the instant action, seeking to enjoin the sale of Paragon's electrical facilities to Public Service Company of Indiana. The trial court issued a temporary restraining order without notice and set the matter for hearing. After hearing the evidence and argument of counsel, the trial court found for the defendants, the old town board, and issued its order dissolving the restraining order and denying further injunctive relief. The Court of Appeals affirmed. *Baker et al.* v. *Hawkins et al.* (1973), 294 N. E. 2d 175.

The original negotiations to sell the town's electrical facilities commenced in early 1970, and culminated on July 6th with the passage of Ordinance 1970-1 which accepted PSC's offer to buy. Pursuant to the terms of the aforementioned ordinance, three (3) appraisers were appointed, and they subsequently returned their appraisal on July 28, 1970. However, no further action was taken on the ordinance until January 4, 1971, when the Town Board of Paragon passed an ordinance publishing the appraisal of the property. This second ordinance was published in the *Martinsville Daily Reporter* on January 14, 1971. After Ordinance 1970-2 was published, more than five (5%) percent of the town's registered voters petitioned the town board to submit the question by referendum whether the electrical facilities should be sold to Public Service. Notice of the referendum was published in the newspaper, and the ballot was provided at the November 2nd, 1971, general election as follows:

"REFERENDUM

"Shall the Town of Paragon sell the electric utility to the highest lawful bidder?
"Yes——            No——"

Plaintiffs allege that the defendants have violated the terms of mandatory statutes which establish the correct procedure for sale of the utility, have ignored the specific requests of the Paragon voters as to whether the utility should be sold to Public Service, and have failed to comply with the provisions of their own ordinances pertaining to the sale. We agree.

IC (1971), 18-5-14-3; Ind. Ann. Stat. § 48-7212 (1972 Supp.) provides in pertinent part:

> *"Within fifteen [15] days after the return of such appraisement by the appraisers* . . . to the board of trustees of the town, the ordinance or resolution providing for sale or disposition of such property and the total valuation of the same as fixed by the appraisement *shall be published* . . ." (Emphasis added.)

The facts disclose that the appraisers' report was not published for some four and one-half (4½) months after the appraisers' return. The above statute continues:

> "[In the event the voters] present a petition to . . . board of trustees to submit the question to the qualified voters of the city or town as to whether the sale *shall* be made, as provided in the ordinance or resolution, the common council of the city or the board of trustees of the town *shall* submit the question as to whether or not the sale *shall* be made to the qualified voters of the city or town at a special or general election. . . ." (Emphasis added.)

The petition to the town board read as follows:

### *"PETITION*

"The undersigned registered voters of the Town of Paragon, being five per cent (5%) or more of the number of votes cast for the Secretary of State of the last preceding general election, do hereby petition the Board of Trustees of the Town of Paragon, Indiana, to submit the question of whether or not the Town of Paragon shall sell its municipal electric distribution plant system facilities and property to Public Service Company of Indiana as proposed in an ordinance published in the Morgan County Gazette on the 14th day of January, 1971, to the qualified voters of the City of Paragon at a special or general election for that purpose pursuant to Burns Indiana Statute 48-7201 through 48-7214." (Names and addresses of petitioners omitted.)

Thus, the specific question to be referred to the voters was whether the electrical facility should be sold to Public Service Company of Indiana. Notwithstanding this request from the voters, the ballot merely submitted the question of whether the utility should be sold to "the highest lawful bidder." Both the trial court and the Court of Appeals found that such a ballot satisfied substantial compliance with § 48-7212. But there is a great legal distinction between substantial compliance with mandatory statutory provisions before the fact and *pro forma* compliance after the fact of completion of negotiations and contract for purchase. It is our view that substantial compliance before the fact (i.e., approval by referendum) must be accomplished for the protection of the rights of all citizen consumers of power of a municipally owned utility. Municipally owned utilities are held in trust for the benefit of public use. The citizens are the beneficiaries of this trust and, as such, have the right to voice their opinion on the sale of public utilities. In recognition of this principle, this Court long ago held that such utilities cannot be sold or conveyed without special legislative authority:

> ". . . [T]he power of a city to sell property devoted to any public use is restricted, and that, to enable a city to make a sale of such property, special authority must be granted to it by the legislature. Property so held is held upon a trust for the benefit of the inhabitants of the city; and the city as the trustee for such use can not, by its unauthorized act, destroy the trust." *Lake County Water & Light Co.* v. *Walsh* (1902), 160 Ind. 32, 39, 65 N. E. 530.

Today we have such authority embodied in the applicable statutes, and the express language of these statutes is cogently clear. In the instant case those legislative guidelines were not followed. We must reverse.

In this case, the referendum published and the ballot furnished are both misleading to the citizen consumers. They imply that several potential buyers have bid on the sale of the electrical facility when the record dis-

closes no such bidding. In fact, it appears that PSC was the only potential buyer involved in the negotiations to purchase the electrical facility. Certainly, the ballot furnished to the electors need not state every detail of the proposed sale, but at the minimum the voters should be able to readily identify the proposal, its general effect, and to indicate their choice in the matter.

On the record and law in this cause, we are of the opinion the trial court should have entered the permanent injunction prayed for.

In remanding this cause, we do not pass on the plaintiffs' right to equitable relief. We leave that determination to the trial court for it is in the proper position to decide the questions of fact and law which shall determine the appropriate remedy.

For all of the foregoing reasons, transfer is hereby granted and the judgment below is reversed and remanded for proceedings not inconsistent with this opinion.

Arterburn, C.J., and DeBruler, J., concur. Givan and Prentice, JJ., dissent and would deny transfer.

NOTE.—Reported in 300 N. E. 2d 653.